**Mary F. Prevost** (SBN157782)
Attorney At Law
402 West Broadway, Suite 950
San Diego, California 92101
Tel: (619) 692-9001
Fax: (619) 255-0726
Email: Mfprevost@aol.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIELLE NIMTZ; NAOMI NIMTZ, a minor by her Guardian ad Litem, GABRIELLE NIMTZ; ADRIANNA NIMTZ, a minor by her Guardian ad Litem, GABRIELLE NIMTZ; DANIEL JENSEN, a minor by his Guardian ad Litem, GABRIELLE NIMTZ<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO; SAN DIEGO POLICE DEPARTMENT; SAN DIEGO POLICE OFFICER VAN CLEEF; SAN DIEGO POLICE SERGEANT ANNING; CHIEF OF POLICE WILLIAM LANSDOWNE, DOES 1-20, inclusive.<br><br>Defendants. | No. **'10CV2166 H    WMc**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Violation of Civil Rights (42 U.S.C. §1983)<br>2. *Monell Claim* (42 U.S.C. §1983)<br>3. Assault and Battery<br>4. False Arrest<br>5. Conspiracy<br>6. Torts in Essence<br>7. Intentional Infliction of Emotional Distress<br>8. Negligence<br>9. Negligent Employment<br>10. Banes Civil Rights Claim<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION

Jurisdiction of this court is invoked under 28 U.S.C. §§ 1343, (1), (2), (3) and (4). This action at law for money damages arises under Title 42 U.S.C. Section 1983 and the United States Constitution, the laws of the State of California and common law

principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiffs by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1. At all times herein mentioned, Plaintiffs GABRIELLE NIMTZ, NAOMI NIMTZ, a minor by her Guardian ad Litem GABRIELLE NIMTZ, ADRIANNA NIMTZ, a minor by her Guardian ad Litem GABRIELLE NIMTZ, DANIEL JENSEN, a minor by his Guardian ad Litem GABRIELLE NIMTZ, were residents of the County of San Diego, California.

2. At all times herein mentioned, Defendants SAN DIEGO POLICE OFFICER VAN CLEEF ("VAN CLEEF"), individually and as a peace officer, SAN DIEGO POLICE SERGEANT ANNING ("ANNING"), and DOES 1-20 were and are employees of the City of San Diego and/or the San Diego Police Department.

3. Defendant CITY OF SAN DIEGO, (hereinafter referred to as "CITY") is and at all times herein mentioned has been a public entity and an incorporated city duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the San Diego Police Department, and particularly said Department's Patrol, Internal Investigations and Training and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiffs, and their tactics, methods, practices, customs and usages.

4. Defendant CHARLES LANSDOWNE is the Chief of Police of Defendant CITY OF SAN DIEGO, and agent of Defendant CITY OF SAN DIEGO. Plaintiffs are informed and believe and based upon that allege that Defendant LANSDOWNE is responsible for implementing, maintaining, sanctioning, or condoning policies, practices, and customs, under which the other Defendants

committed illegal or wrongful acts that are complained of in this lawsuit.  By reason of these policies, practices, and customs, Defendant LANSDOWNE is liable for the damages that resulted.

5. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated as a DOE is intentionally responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 20, inclusive, and each of them, are not now known to Plaintiff who therefore sues said Defendants by such fictitious names and will be added to this action as provided by California Code of Civil Procedure Section 484.

6. Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established and settled law.

7. The incidents complained of began in the City of San Diego, on August 30, 2009 on which date Defendant VAN CLEEF and DOES 1-5, maliciously, forcibly and unlawfully entered Defendant GABRIELLE NMITZ's house without a warrant, consent or exigent circumstances, and assaulted, battered, seized and arrested Plaintiff GABRIELLE NMITZ, in the presence of her minor daughters NAOMI and ADRIANNA NMITZ, frightening and alarming the minors.  Plaintiff GABRIELLA NMITZ appealed to Defendant VAN CLEEF and DOES 1-5 to intervene and put an end to VAN CLEEF's abusive conduct.  Plaintiff GABRIELLE NMITZ was handcuffed and arrested and taken in a radio car against her will to Los Colinas Detention jail without her consent and without just cause. She was prosecuted for resisting arrest and disturbing the peace. Plaintiff GABRIELLE NMITZ's three minor children, plaintiffs ADRIANNA, NAOMI and DANIEL NMITZ, were taken by Child protective Services to the Polinsky Center, where they were separate from their mother, their legal guardian, their friends, and were terrified, scared and worried.

8. Plaintiff GABRIELLE NMITZ was falsely arrested for vandalism (Penal Code sec. 594) and resisting arrest (Penal Code sec. 148). Defendants prepared reports which they knew were false, and maliciously manufactured in defense of Defendants wrongful conduct.

9. Upon her release from jail, Plaintiff GABRIELLE NMITZ complained to Defendant SERGEANT ANNING that not only did officers enter her home illegally, batter and assault her, and falsely arrest her without a warrant, exigent circumstances or consent, they also failed to secure her home which, as a result, was burglarized.

10. In an effort to conceal this unlawful conduct, DOES 1-5 fabricated a crime and arrest report in which they falsely reported GABRIELLE NMITZ had had violated Penal Code section 594 and 148.

11. Upon being informed of Plaintiff GABRIELLE NMITZ'S accusations against VAN CLEEF, ANNING and DOES 1-5, an administrative investigation was not commenced. Said failure to carry out the complaint investigation violated City of San Diego official regulations and California Penal Code section 832.5 and was not conducted so to exonerate VAN CLEEF and ANNING and Does 1-5 from all wrongdoing notwithstanding the fact that the investigation disclosed VAN CLEEF, ANNING and DOES 1-5 had violated the law, department policy and the plaintiffs constitutional rights.

**FIRST CAUSE OF ACTION**

**42 U.S.C. § 1983 VIOLATION OF CIVIL RIGHTS - ILLEGAL ENTRY, EXCESSIVE FORCE, FALSE ARREST, AND CONSPIRACY TO DEPRIVE CIVIL RIGHTS**
**(By Plaintiff GABRIELLE NIMTZ Against All Individual Defendants)**

12. Plaintiffs refer to and replead each and every allegation contained in paragraphs 1 through 11 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

13. This action at law for money damages arises under Title 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiffs by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

14. Commencing at or about the aforementioned dates and places, without cause or justification, and acting under color of law, Defendant VAN CLEEF and DOES 1-20, and each of them, intentionally and maliciously deprived Plaintiff of rights secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution. Defendants subjected plaintiff to unlawful entry of her premises, excessive and unreasonable force and to an unlawful arrest and booking, conspired together to justify the unlawful uses of force, illegal detentions and arrest of the plaintiff and thereby deprive plaintiff of rights secured to him by the federal constitution.

15. Defendants, and each of them, carried out and perpetrated the mutually supportive conspiracy to deprive Plaintiff of her rights against unreasonable searches and seizures, due process, by participating in a corrupt effort to conceal the violation of plaintiff's rights with manufactured facts supported by defendants.

16. As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiffs sustained great physical and mental pain and shock to his nervous systems, fear, anxiety, torment, degradation and emotional distress.

17. By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff incurred medical and therapeutic expenses in an amount as proved.

18. By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was compelled to secure the services of an attorney at law to redress the wrongs hereinbefore mentioned and by virtue thereof, Plaintiff is indebted and liable for attorneys fees.

19.     The aforementioned acts and omissions of Defendants were committed by each of them knowingly, wilfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff with a conscious disregard of Plaintiff's constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, (except Defendant CITY) in an amount as proved.

**SECOND CAUSE OF ACTION**

**UNLAWFUL CUSTOM AND PRACTICE UNDER SECTION 1983
(By Plaintiff GABRIELLE NMITZ Against Defendant City and LANSDOWNE**

20.     Plaintiffs refer to and replead each and every allegation contained in paragraphs 1 through 19 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

21.     Defendant CITY is and at all times herein mentioned has been a public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY is possessed of the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the SAN DIEGO POLICE DEPARTMENT and its tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, and the proper uses of force by its rank and file, generally.

22.     At all times herein mentioned, Defendants VAN CLEEF, ANNING and DOES 1-20, and each of them, were employees of the City of San Diego and San Diego City Police Department acting under the CITY'S and CHIEF LANSDOWNE's direction and control, knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the First, Fourth, and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned encouraged (1) the employment, deployment and retention of persons as

peace officers who have a propensity for brutality, dishonesty, bigotry, and numerous other serious abuses of their duties as peace officers in the employment of the CITY.

23. Defendant CITY knowingly maintains and permits official *sub-rosa* policies or customs of permitting the occurrence of the kinds of wrongs set forth above, by deliberate indifference to widespread police abuses, failing and refusing to fairly and impartially investigate, discipline or prosecute peace officers who commit acts of felonious dishonesty and crimes of violence, each ratified and approved by the CITY.

24. The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by defendant CITY include, but are not limited to:

(1) Defendant CITY had knowledge, prior to and since this incident, of repeated allegations of abuse and assaultive misconduct toward detainees and arrestees; Specifically, CITY knew Defendant VAN CLEEF and other officers had committed numerous violations of the law under color of law and demonstrated VAN CLEEF's unfitness for employment as a peace officer but refused to protect public safety and that of the Plaintiffs by failing to discharge and prosecute VAN CLEEF and DOES 1-20. CITY knew SAN DIEGO PD officers including VAN CLEEF, DOES 1-20 and others had in the past and since Plaintiffs incident, committed similar acts of official dishonesty, corruption and abuse of persons similarly situated to the plaintiffs;

(2) Defendant CITY had knowledge, prior to and since this incident, of similar allegations of abuse and dishonesty by Defendants, and refused to enforce established administrative procedures to insure the safety of detainees and arrestees;

(3) Defendant CITY refused to adequately discipline individual officers and employees found to have committed similar acts of abuse and misconduct;

7

(4) Defendant CITY refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by San Diego police officers;

(5) Defendant CITY reprimanded, threatened, intimidated, demoted and fired officers who reported acts of abuse by other officers;

(6) Defendant CITY covered up acts of misconduct and abuse by SAN DIEGO Police Department officers and sanctioned a code of silence by and among officers;

(7) Defendant CITY knew of and sanctioned the custom and practice of falsely arresting, booking and charging victims of officer physical abuse with violations of California Penal Code Sections 69, 243, 245, 148 , 415 and 647(f).

(8) Defendant CITY failed to adequately train and educate officers in the use of reasonable and proper force and failed to enforce the department's written regulations with respect to uses of force;

(9) Defendant CITY failed to adequately supervise the actions of officers under their control and guidance;

(10) Defendant CITY condoned and participated in the practice of prosecuting groundless criminal charges for the purpose of insulating the CITY of SAN DIEGO and its officers from civil liability and reducing or dismissing criminal charges against individuals in return for releasing them from civil liability;

(11) Defendant CITY condones and encourages a conspiracy of silence among its employees for the purpose of concealing and furthering wrongful and illegal conduct by its employees;

(12) Defendant CITY  engages in the custom and practice of refusing to provide public prosecutors and criminal defendants exculpatory and impeaching evidence  as required by law.

(13) Defendant CITY fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by August 30, 2009 and thereafter, represented the unconstitutional policies, practices and customs of the CITY and SAN DIEGO POLICE DEPARTMENT.

25. By reason of the aforesaid policies, customs, practices and usages, plaintiffs First, Fourth, and Fourteenth Amendments to the United States Constitution were violated.

### THIRD CAUSE OF ACTION

### ASSAULT AND BATTERY
**(By Plaintiff GABRIELLE NMITZ against Defendants CITY, VAN CLEEF, and DOES 1-20)**

26. Plaintiffs refer to and replead each and every allegation contained in paragraphs 1 through 25 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

27. At the aforementioned date, time and place, Defendants VAN CLEEF, DOES 1-20 and each of them, assaulted and battered Plaintiff GABRIELLE NMITZ.

28. By reason of the acts aforesaid, Plaintiff was placed in great fear for her safety and physical and emotional well being.

29. As a direct and proximate result of the foregoing, Plaintiff has been damaged as recited above and demands and is entitled to the damages recited in the First Cause of Action, including, but not limited to, general and punitive damages (except as to Defendant CITY).

### FOURTH CAUSE OF ACTION

### FALSE ARREST
**(By Plaintiff GABRIELLE NMITZ Against Defendants CITY, VAN CLEEF, DOES 1-20)**

30. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 29 this complaint, and by this reference incorporates the same herein and makes each a part hereof. On or about August 30, 2009 in the City of San Diego, California, Plaintiff was caused to be unlawfully seized and arrested by

Defendants, and each of them, maliciously and without warrant or order of commitment or any other legal authority of any kind as plaintiff had not committed any crime or public offense.

31. As a proximate result of the acts of defendants, and all of them, Plaintiff suffered damages, loss and harm.

32. As a direct and proximate result of the foregoing, Plaintiff has been damaged as recited above and demands and is entitled to the damages recited in the First Cause of Action, including, but not limited to, general and punitive damages (except as to Defendant CITY).

## FIFTH CAUSE OF ACTION

### CIVIL CONSPIRACY
**(By Plaintiff GABRIELLE NMITZ Against All Defendants)**

33. Plaintiffs refer to and replead each and every allegation contained in paragraphs 1 through 32 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

34. Commencing on or about the aforementioned date and time, and thereafter, Defendants, and each of them, combined and agreed to physically assault, falsely arrest, falsely imprison, falsely book, intentionally injure and intentionally cause extreme emotional suffering. Defendants carried out and perpetrated the mutually supportive agreement to deprive Plaintiffs of rights secured to them under the federal and California constitutions and laws of the State of California, to be free from unreasonable searches and seizures, unjustified force, false arrest, criminal records and unjustified mental suffering.

35. In furtherance of the aforesaid agreement and combination, defendants VAN CLEEF, and DOES 1-20 physically assaulted, injured, and falsely arrested plaintiff GABRIELLE NMITZ provided false evidence against Plaintiff to the San Diego District Attorney, including a fabricated story to give the appearance of lawful behavior by defendants VAN CLEEF and DOES 1-20 and unlawful conduct by

Plaintiff GABRIELLE NMITZ.

36. Defendants' felonious and unconstitutional acts and omissions as hereinbefore alleged proximately caused Plaintiffs to be damaged.

37. As a direct and proximate result of the foregoing, Plaintiffs have been damaged as recited above and demands and is entitled to the damages recited in the First Cause of Action, including, but not limited to, general and punitive damages (except as to Defendant CITY).

## SIXTH CAUSE OF ACTION
### TORTS IN ESSENCE
**(By Plaintiffs Against All Defendants)**

38. Plaintiffs refer to and replead each and every allegation contained in paragraphs 1 through 37 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

39. Defendants and each of them, owed to Plaintiffs non-consensual duties set forth in California Penal Code Sections 118.1 (false police report by peace officer), 148.5 (false report of a crime to law enforcement), 134 (preparing false evidence), 132 (offering false evidence), 127 (subornation of perjury), 137 (induce false testimony), 147 (willful oppression and inhumanity to a prisoner), 149 (felonious excessive force by a peace officer); 182(1) (conspiracy to commit crime), 182(2) (conspiracy to obstruct justice), 240 (assault), and 242 (battery), 832.5, (citizen complaint investigations required); 4024 (prompt release from custody) and Government Code § 1031(d) (background investigations required.)

40. Defendants, and each of them, failed to abide by said non-consensual duties in that Defendants, and each of them, violated the aforesaid Penal Code sections.

41. As a direct and proximate result of the foregoing, Plaintiffs have been damaged as recited above and demands and are entitled to the damages recited in the First Cause of Action, including, but not limited to, general and punitive damages

(except as to Defendant CITY).

### SEVENTH CAUSE OF ACTION
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(By Plaintiffs Against All Defendants)**

42. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 41 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

43. On or about August 30, 2010 and thereafter, Plaintiffs were entitled to the duty of due care by Defendants, and each of them, including but not limited to, care, service and protection.

44. On or about said date, and thereafter, Defendants and each of them, unlawfully and illegally assaulted, arrested, illegally arrested and booked Plaintiff GABRIELLE NMITZ in the presence of her two children, ADRIANNA and NAOMI in reckless disregard for the natural consequences of their actions and the harm their behavior against GABRIELLE NMITZ, and her minor children, ADRIANNA NMITZ and NAOMI NMITZ would cause.

45. As a direct and proximate result, minor Plaintiff DANIEL JENSEN was pulled out of school by CPS, refused his right to be taken care of by his legal guardian, and placed in the Polinsky Center along with his two sisters, Plaintiffs NAOMI NMITZ and ADRIANNA NMITZ.

45. In doing the aforementioned, Defendants' conduct was intentional, outrageous, malicious, and done for the purpose of or with reckless disregard for the consequences, causing Plaintiffs to suffer emotional suffering and mental distress, physical pain, fear, anxiety, and mental anguish.

46. As a direct and proximate result of the foregoing, Plaintiffs have suffered, and continue to suffer, mental and emotional distress and is entitled to and demands damages against Defendants jointly and severally, as recited in the First

///

Cause of Action, including, but not limited to general and punitive damages (except as to Defendant CITY).

## EIGHTH CAUSE OF ACTION

### NEGLIGENCE
**(By Plaintiffs Against All Defendants)**

47. Plaintiffs refer to and replead each and every allegation contained in paragraphs 1 through 46 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

48. On or about August 30, 2009 and thereafter, plaintiffs were entitled to the duty of due care by Defendants and each of them.

49. On or about said date, Defendants, and each of them, breached the duty of due care owed to plaintiffs in that defendants negligently subjected plaintiffs GABRIELLE NMITZ and the minor plaintiffs, NAOMI and ADRIANNA NMITZ, and DANIEL JENSEN to injury harm and damage.

50. In doing the aforementioned acts, defendants' breach of duty was negligent, and caused plaintiffs to suffer emotional and mental distress, fear, anxiety, and mental anguish.

51. As a direct and proximate result of the foregoing, plaintiffs have suffered, and continue to suffer, mental and emotional distress and is entitled to and demands damages against defendants jointly and severally, as recited in the First Cause of Action, including, but not limited to general damages.

## NINTH CAUSE OF ACTION

### NEGLIGENT EMPLOYMENT/RETENTION/SUPERVISION
**(By Plaintiffs Against Defendant LANSDOWNE)**

52. Plaintiffs refer to and replead each and every allegation contained in paragraphs 1 through 51 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

53. On or about August 30, 2009 and for at least 7 years prior thereto, Defendant LANSDOWNE, as an executive officer and later as CHIEF OF POLICE,

knew or in the exercise of due care should have known, that Defendants VAN CLEEF and DOES 1-20, and each of them, had a propensity, character trait, and practice, while purporting to act under color of law, for bigotry and/or violence, and/or dishonesty and/or prevarication.

54. At all times mentioned herein, Defendant LANSDOWNE, knew or in the exercise of due care should have known, that the afore described traits of character, practices and propensities of Defendants, and each of them, made them unfit to serve as peace officers and were likely to cause harm and injury to members of the public, including plaintiffs.

55. Notwithstanding such knowledge, Defendant LANSDOWNE negligently, carelessly and recklessly, hired, employed, retained and failed to properly supervise, train and control Defendants VAN CLEEF and DOES 1-20, and each of them, inclusive, as peace officers and assigned said Defendants to duties which enabled each of them to make violate the law and SDPD written policies, including but not limited to making illegal arrests, fabricating probable cause and crimes, maliciously prosecuting innocent persons, using excessive force and covering up repeated acts of police misconduct and crimes, all while purporting to act under the color of law.

56. As a direct and proximate result of the foregoing, Plaintiffs have been damaged as recited above and demands and is entitled to the damages recited in the First Cause of Action, including, but not limited to, general and special damages.

## TENTH CAUSE OF ACTION

### VIOLATIONS OF CALIFORNIA CIVIL RIGHTS ACT
**(By Plaintiffs Against All Defendants)**

57. Plaintiffs refer to and replead each and every allegation contained in paragraphs 1 through 56 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

58. On or about the above stated dates, and sometime prior thereto, Defendants and each of them violated Plaintiff's civil rights, guaranteed by the United

States Constitution, federal law, the California Constitution and the laws of the State of California thereby violating California Civil Code Section 52.1(a)(b) and 51.7.

59. As a proximate result of the aforementioned acts of Defendants, and each of them, Plaintiffs suffered damage in a sum according to proof, and is entitled to the damages, statutory damages, treble damages, attorney's fees and costs provided for by Civil Code sections 52 and 52.1.

**PRAYER**

WHEREFORE, Plaintiffs pray judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1. For General damages according to proof;
2. For Special damages according to proof;
3. For Punitive damages as provided by law, in an amount to be proved against each individual Defendant;
4. For attorney's fees pursuant to 42 U.S.C § 1988 and California Civil Code §§52, and 52.1;
5. For Costs of suit;
6. For such other and further relief as the Court may deem proper.

DATED: October 15, 2010                /s/Mary Frances Prevost
                                    By: Mary Frances Prevost
                                        Attorney for Plaintiffs

## **PLAINTIFFS JURY DEMAND**

Plaintiffs hereby demands a trial by jury.

DATED: October 15, 2009          **MARY F. PREVOST**

                                 _____
                                 By:   Mary Frances Prevost
                                       Attorney for Plaintiffs

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
GABRIELLE NIMTZ; NAOMI NIMTZ, a minor by her Guardian ad Litem, GABRIELLE NIMTZ; ADRIANNA NIMTZ, a minor by her

## DEFENDANTS
CITY OF SAN DIEGO; SAN DIEGO POLICE DEPARTMENT; SAN DIEGO POLICE OFFICER VAN CLEEF; SAN DIEGO

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Law Offices of Mary Frances Prevost, 402 W. Broadway, Suite 950
San Diego, CA 92101

Attorneys (If Known)
'10CV2166 H     WMc

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| | / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☒ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §1983
Brief description of cause:
Violation of Civil Rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 10/15/2010
SIGNATURE OF ATTORNEY OF RECORD: /s/Mary Frances Prevost

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____